# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SCOTT STRICKLAND, § § Plaintiff, § § v. § § MERCK & CO., INC., MERCK & CO., § INC. MEDICAL, DENTAL AND LONG § TERM DISABILITY FOR NON-UNION § EMPLOYEES, and METROPOLITAN § LIFE INSURANCE COMPANY, § § Defendants. § | Civil Action No. 3:11-cv-444 |

## JOINT CASE MANAGEMENT ORDER

Now come Plaintiff Christopher Scott Strickland ("Plaintiff") and Defendants Merck & Co., Inc., Merck & Co., Inc. Medical, Dental and Long Term Disability Program for Non-Union Employees and Metropolitan Life Insurance Company (the "Defendants") and file this joint report of the parties' meeting, pursuant to Fed. R. Civ. P. 26.

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 1, 2011, via telephone conference, and was attended by R. Scott Wilson for Plaintiff, John M. Scannapieco for the Defendants.

2. Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).

3. Initial Disclosures. Defendants asserts that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(E)(i). "Plaintiff disputes that an ERISA action is exempt from initial disclosures, as it is not truly a review of an

administrative agency decision. See *Crume v. Metropolitan Life Ins. Co.* 388 F.Supp.2d 1342 (M.D. Fla., 2005); *Hamma v. Intel Corp.*, 2008 U.S.Dist.LEXIS 22670 (E.D. Cal. March 4, 2008)." Nonetheless, the parties agree that the service of the ERISA administrative claim file by the Defendants on the Plaintiff will satisfy the requirements of service of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure. Defendants shall file and serve the Administrative Claim File in this case in accordance with the schedule set forth in paragraph 4.C below.

4. Discovery Plan. As limited below, the Parties jointly propose to the court the following discovery plan:

A. No party has served discovery at this time.

B. Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a)(1)(B), and as such the Court's review is limited to a review of the Administrative Claim File before the claim decision-maker at the time the decision to deny benefits was made. Defendants contends that discovery is permitted only after an initial showing demonstrating the existence of bias or some procedural irregularity. Defendants further contends that no discovery is needed or appropriate. Defendants contends that discovery is permitted only after an initial showing demonstrating the existence of bias or some procedural irregularity. Plaintiff acknowledges that the record is closed with respect to additional evidence of disability but argues that Sixth Circuit precedent leaves open the possibility of discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. Moreover, Plaintiff points out that there is always the possibility that the parties will disagree as to what constitutes the ERISA Administrative Claim File. To address these concerns, the Parties propose the following schedule with respect to discovery.

C. Defendants shall file the Administrative Claim File with Court and serve a copy of same on Plaintiff no later than August 1, 2011. Should Plaintiff have any objection to the content of the filed Administrative Claim File, such written objection shall be filed on or before September 6, 2011.

D. The Parties will endeavor to resolve any discovery disputes between themselves, prior to involving the Court.

E. Should Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, the Plaintiff shall serve such proposed discovery on or before September 6,

2

2011. Plaintiff's service of discovery shall not be considered a waiver by Defendants of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

F. The Defendants shall (i) respond to the proposed discovery or (ii) notify Plaintiff in writing that Plaintiff is not entitled to conduct the proposed discovery or that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking the recovery of an ERISA benefit by no later than October 5, 2011.

G. Should the Parties be unable to agree as to any proposed discovery, Plaintiff shall file a motion requesting leave to serve the proposed discovery with the Court by no later than October 14, 2011.

H. Nothing it this discovery plan will be considered as a concession from or waiver by the Defendants that discovery is allowable in an ERISA benefits claim.

5. Other Items.

A. The Parties do not request a conference with the Court before entry of the scheduling order.

B. The Parties do not anticipate any need to amend the pleadings or to join additional parties. In the event that joinder or amendment is necessary, Plaintiff shall have until September 6, to move to join additional parties and to amend the pleadings; Defendants shall have until October 5, 2011 to move to join additional parties and to amend the pleadings.

C. This is a claim for ERISA benefits under 29 U.S.C. §1132(a)(1)(B), and will thus ultimately be decided on the Parties' respective motions for judgment, pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998). All *Wilkins* motions for judgment on the ERISA Administrative Claim File should be filed by November 18, 2011 or if any motions concerning discovery remains pending with the Court on that date, within sixty (60) days after resolution of discovery motions and the close of discovery. Responses to motions for judgment on the ERISA Administrative Claim File are due within 21 days of said motions being filed, or by December 9, 2011, whichever date occurs first. Reply briefs shall be filed, if necessary, within 14 days of the repsonse(s).

D. Briefs shall not exceed 30 pages.

E. Settlement possibilities are unknown at this time. The parties intend to explore settlement negotiations in good faith.

F. A trial is not permitted in this civil action under ERISA. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 617-20 (6th Cir. 1998). Therefore, final lists of witnesses

and exhibits under Rule 26(a)(3) are not necessary in a claim for ERISA benefits, as the case will be decided on cross-motions for summary judgment.

It is so ORDERED.

Juliet Griffin, US Magistrate Judge

Respectfully submitted,

|  |  |  |
|---|---|---|
| ATTORNEYS FOR PLAINTIFF | BY: | s/R. Scott Wilson<br>Eric L. Buchanan (BPR #18568)<br>R. Scott Wilson (BPR #19661)<br>Jeremy L. Bordelon (BPR #028181)<br>ERIC BUCHANAN & ASSOCIATES, PLLC<br>414 McCallie Avenue<br>Chattanooga, TN 37402<br>(423)634-2506 |
| ATTORNEYS FOR DEFENDANTS | BY: | s/John M. Scannapieco<br>John M. Scannapieco (BPR #14473)<br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>1600 Division Street, Suite 700<br>P.O. Box 340025<br>Nashville, TN 37203<br>(615) 252-2352 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

John M. Scannapieco
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203

BY:    *s/R. Scott Wilson*
       R. Scott Wilson