IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER SCOTT STRICKLAND )
)
v. ) No. 3-11-0444
)
MERCK & CO., INC.; MERCK & CO., )
INC. MEDICAL, DENTAL, AND )
LONG TERM DISABILITY PROGRAM )
FOR NON-UNION EMPLOYEES; and )
METROPOLITAN LIFE INSURANCE )
COMPANY[1] )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' joint proposed case management order with modifications addressed at the initial case management conference held on July 5, 2011. Those modifications and other matters addressed on July 5, 2011, are as follows:

1. Counsel shall confer and determine whether Metropolitan Life Insurance Company ("Met Life") should be officially added as a defendant and whether Merck & Co., Inc. is a proper or necessary defendant, and shall, by September 6, 2011,[2] file a motion to join Met Life and/or dismiss Merck & Co., Inc.

2. The plaintiff shall file any motion to join additional parties and/or amend the pleadings by September 6, 2011, and the defendant shall have until October 5, 2011, to move to join additional parties and/or to amend the pleadings.

4. The portion of § 4(D) on page 3 of the parties' proposed order addressing motions for partial summary judgment has been deleted.

---

[1] Metropolitan Life Insurance Company has not been officially named as a defendant in this case.

[2] The parties had proposed a September 5, 2011, deadline, which falls on Labor Day. Other September 5, 2011, deadlines have also been changed to September 6, 2011. See § 4(C) and (E) on page 2.

5. The contemporaneously entered order provides that the defendants will file the administrative record by August 1, 2011.

In accord with section 5.09 of Administrative Order No. 157, the defendants may file and the Clerk shall accept for filing and maintain the hard copy of the administrative record. The defendant shall not be required to file the administrative record electronically and the Clerk shall not be required to scan the administrative record.

If the defendants elect to file the administrative record manually, they shall attach a copy of this order to the record upon filing.

6. In the event that any discovery will be permitted in this case, such discovery will not involve any significant amount of electronically stored information. Therefore, the parties are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

7. As provided in the contemporaneously entered order, the parties shall have until November 18, 2011, or within 60 days of the close of any discovery, if such discovery is permitted upon plaintiff's motion, whichever is later, to file cross-motions for judgment on the record. Any responses shall be filed within 21 days of the filing of the motion or by December 9, 2011, if the motion is filed on November 18, 2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by December 23, 2011, if the response is filed on December 9, 2011.

No other filings in support of or in opposition to the parties' anticipated cross-motions for judgment on the record shall be made unless expressly permitted by the Honorable John T. Nixon.

As further provided in the contemporaneously entered order, since this case is an administrative review of the record, no trial will be scheduled.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge